

1271 Avenue of the Americas |New York, NY 10020
blankrome.com

*Phone:*  (212) 885-5130
*Fax:*    (212) 885-5001
*Email:*  Martin.Krezalek@BlankRome.com

June 28, 2022

**VIA ECF FILING**

The Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007-1312

      Re:    *Tavarez v. MOO Organic Chocolates, LLC*, Case No. 1:21-cv-09816-VEC

Dear Judge Caproni,

    We are counsel for defendant MOO Organic Chocolates, LLC ("MOO Organic").  We write to respond to Plaintiff's improper letter request for an extension of time to amend his complaint (ECF No. 25).

    On May 6, 2022, the Court set a briefing schedule on MOO Organic's proposed motion to dismiss Plaintiff's complaint. (ECF No. 18).  MOO Organic timely filed its motion on June 6, 2022 (ECF Nos. 22-23).  Despite having known since May 6, 2022 that his opposition papers were due June 27, 2022, Plaintiff attempts to circumvent the deadline with a disingenuous letter request seeking more time to amend his complaint.  Plaintiff's request should be denied and MOO Organic's motion should be heard without opposition.

    Plaintiff has known for almost two months that MOO Organic intended to move to dismiss on the basis that MOO Organic's website is not a "place of public accommodation" under Title III of the ADA.  <u>Plaintiff's proposed amended complaint does not address the substance of MOO Organic's motion</u>, and as such, Plaintiff's proposed amendment is futile for the reasons set forth in MOO Organic's motion to dismiss.  No amendment can change the fact that MOO Organic does not operate any public-facing physical places that would qualify as a place of public accommodation under Title III of the ADA, and thus its website (which as a matter of law is not a place of public accommodation) cannot be a good or service of a place of public accommodation.  Indeed, Plaintiff does not even attempt to plead such facts in the proposed amended complaint, but instead doubles down on the notion that his claims against a stand-alone website are valid under Title III of the ADA.

    Plaintiff's only proposed edits to his boilerplate complaint are the same edits that Plaintiff's counsel has been making across all of their boilerplate complaints in a feeble attempt to survive the Second Circuit's recent *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022) and

Honorable Valerie E. Caproni
June 28, 2022
Page -2-

*Calcano v. Swarovski N. Am. Ltd.*, --- F.4th ----,2022 WL 1788305 (2d Cir. June 2, 2022) decisions. But even despite those edits, Plaintiff's complaint would fail because, as Plaintiff well knows, he is unable to allege any "downstream consequences" from being allegedly unable to receive certain information through the website as is needed to allege a concrete injury. *Harty*, 28 F.4th at 444. Moreover, Plaintiff's proposed amended complaint still fails to plead a real and immediate threat of future injury. In *Calcano*, the Second Circuit clarified that the risk of future harm for an ADA plaintiff must be material, imminent, and substantial. *Calcano*, 2022 WL 1788305, at *1. In particular, to ensure that "the risk of harm is sufficiently imminent and substantial" to establish standing, the court held that "the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the 'totality of all relevant facts,'' the plaintiff plausibly alleges 'a real and immediate threat of future injury.'" *Id*. at *3 (emphasis added). The court made clear that, assessing plausibility was "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at *4. The court further made clear that boilerplate pleadings which vaguely allege an intent to make purchases from the defendant when the supposed barriers are removed fail to meet this threshold plausibility requirement. *Id*.

      Plaintiff's claims will fail because Plaintiff does not (and cannot) plausibly allege a real and immediate threat of future injury. The serial Plaintiff's boilerplate complaint does not provide a plausible basis for alleging that Plaintiff would be in the market for MOO Organic's chocolates. Indeed, Plaintiff's proposed complaint (which is identical to the hundreds of complaints filed by Mizrahi Kroub alleging a "strong desire" to purchase a defendant's products, *see* ECF No. 25-1 ¶ 3) is precisely the kind of "transparent cut-and-paste and fill-in-the-blank pleadings" which the Second Circuit held was <u>not enough to plausibly state an injury</u>. *Id*. at *6 ("This backdrop of Plaintiffs' Mad-Libs-style complaints further confirms the implausibility of their claims of injury.").

      If Plaintiff is allowed to amend his complaint, MOO Organic respectfully requests the opportunity to brief the *Harty* and *Calcano* decisions in its motion to dismiss the amended complaint. MOO Organic, however, respectfully requests that Plaintiff's request for more time to amend be denied. The prejudice to MOO Organic is significant. MOO Organic is a small family-owned business (See https://www.moochocolates.com/ "our story"). The company is barely scraping by in these uncertain economic times. The expense of having to chase Plaintiff's moving target by having to prepare a new motion to dismiss would impose a significant and unfair financial burden on MOO Organic.

      Respectfully submitted,

      */s/ Martin S. Krezalek*

      Martin S. Krezalek