**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| VICTORIANO TAVAREZ, on behalf of himself and all others similarly situated, | Case No.: 1:21-cv-9816 (VEC) |
| Plaintiff, | |
| -against- | |
| MOO ORGANIC CHOCOLATES, LLC, | |
| Defendant. | |

---

### DEFENDANT MOO ORGANIC CHOCOLATES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT ...............................................................................................................................2

    I.     STANDARD FOR CERTIFICATION OF AN INTERLOCUTORY
           APPEAL .........................................................................................................2

    II.    THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW................3

    III.   THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF
           OPINION .......................................................................................................4

    IV.   AN IMMEDIATE APPEAL OF THE ORDER WOULD MATERIALLY
           ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION ...........5

CONCLUSION.............................................................................................................................7

i

## **<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Andrews v. Blick Art Materials, LLC*,
   268 F. Supp. 3d 381 (E.D.N.Y. 2017) ........................................................................3

*Capitol Recs., LLC v. Vimeo, LLC*,
   972 F. Supp. 2d 537 (S.D.N.Y. 2013)......................................................................4, 5

*Catlin v. United States*,
   324 U.S. 229 (1945)......................................................................................................2

*Cunningham v. Hamilton Cnty., Ohio*,
   527 U.S. 198 (1999)......................................................................................................2

*Halliburton Co. Benefits Comm. v. Graves*,
   191 F. App'x 248 (5th Cir. 2006) ................................................................................3

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in*
   *Amministrazione Straordinaria*,
   921 F.2d 21 (2d Cir. 1990)...........................................................................................4

*Liberty Mut. Ins. Co. v. Wetzel*,
   424 U.S. 737 (1976)......................................................................................................2

*Lopez v. W. Elm, Inc.*,
   No. 19 CIV. 10079 (ER), 2020 WL 6546214 (S.D.N.Y. Nov. 6, 2020) ....................6

*Martinez v. Cot'n Wash, Inc.*,
   No. B314476, 2022 WL 3025828, Cal Ct. App. Aug. 1, 2022....................................5

*Martinez v. San Diego Cnty. Credit Union*,
   50 Cal. App. 5th 1048, 264 Cal. Rptr. 3d 600 (2020).................................................5

*Mendez v. Apple Inc.*,
   No. 18 CIV. 7550 (LAP), 2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019) ..................7

*Nat'l Fed'n of the Blind v. Scribd Inc.*,
   97 F. Supp. 3d 565 (D. Vt. 2015)..............................................................................3, 5

*Range v. 230 W. 41st St. LLC*,
   No. 17 CIV. 149 (LAP), 2020 WL 3034800 (S.D.N.Y. June 5, 2020) .......................6

*Riley v. Kennedy*,
   553 U.S. 406 (2008).....................................................................................................2

*Romero v. 88 Acres Foods, Inc.*,
580 F. Supp. 3d 9 (S.D.N.Y. 2022)..................................................................5

*Ryan v. Flowserve Corp.*,
444 F. Supp. 2d 718 (N.D. Tex. 2006) ...........................................................6

*Sacchi v. Verizon Online LLC*,
No. 14-CV-423, 2015 WL 1729796 (S.D.N.Y. Apr. 14, 2015) ......................1

*Swint v. Chambers Cnty. Comm'n*,
514 U.S. 35 (1995).........................................................................................2

*Transp. Workers Union of Am., Loc. 100, AFL-CIO v. New York City Transit Auth.*,
358 F. Supp. 2d 347 (S.D.N.Y. 2005).............................................................2

*United States ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*,
521 F. Supp. 3d 265 (E.D.N.Y. 2021) .............................................................3

*Winegard v. Newsday LLC*,
556 F. Supp. 3d 173 (E.D.N.Y. 2021) .............................................................6

**Statutes**

28 U.S.C. § 1291 ..................................................................................................2

28 U.S.C. § 1292(a) .............................................................................................2

28 U.S.C. § 1292(b).................................................................................2, 3, 6, 7

28 U.S.C. § 3930..................................................................................................6

42 U.S.C. § 12181 [also ADA] ................................................................. *passim*

**Other Authorities**

CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3929..................................................................................................2,3 6

Fed. R. App. P. 5(a)(3)..........................................................................................3

Fed. R. Civ. P. 12(b)(6)..........................................................................................1

iii

MOO Organic Chocolates, LLC ("MOO Organic") respectfully submits this Memorandum of Law in support of its Motion for an order certifying the Court's August 26, 2022 Opinion and Order (the "Order," ECF No. 37) for interlocutory appeal, or, in the alternative, to amend the Order to state in writing that the elements to certify an order for interlocutory appeal are met.

## PRELIMINARY STATEMENT

On August 26, 2022, the Court issued the Order, in which the Court denied Moo Organic's Motion to Dismiss Plaintiff Victoriano Tavarez's ("Plaintiff") First Amended Complaint, dated June 28, 2028 ("FAC"), pursuant to Fed. R. Civ. P. 12(b)(6).  In the Order, while acknowledging "the circuit split on whether public accommodations must be related in some way to physical places," the Court held that "websites are places of public accommodation as defined in the ADA." (Order at 1, 3).

In the Order, the Court denied Moo Organic's request that, if the Court denied Moo Organic's motion to dismiss, the Court certify its decision for interlocutory appeal because Moo Organic raised the possibility of an interlocutory appeal for the first time in its reply, and "[g]enerally, a court does not consider issues raised in a reply brief for the first time because if a party raises a new argument in a reply brief the opposing party may not have an adequate opportunity to respond to it." (Order at 7) (citing *Sacchi v. Verizon Online LLC*, No. 14-CV-423, 2015 WL 1729796, at *1 n.1 (S.D.N.Y. Apr. 14, 2015)

Accordingly, so as to provide Plaintiff with the opportunity to respond, MOO Organic makes this motion seeking to certify the Order for interlocutory appeal on the question of whether, for purposes of Title III of the American Disabilities Act, 42 U.S.C. § 12181, *et. seq.* ("ADA"), a "place of public accommodation" includes public-facing websites that are not tethered to a physical location.  Because, as explained below, this is a controlling question of law, and the resolution of this question on interlocutory appeal would materially advance the ultimate

1

resolution of this litigation, MOO Organic respectfully requests that the Court grant permission to appeal under 28 U.S.C. § 1292(b).

**ARGUMENT**

I.    **STANDARD FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL**

The Court's approval is necessary to appeal because the Order is neither a "final decision"[1] under 28 U.S.C. § 1291, nor an order for which Congress has specifically authorized an interlocutory appeal, such as an order granting, denying, or modifying an injunction, under 28 U.S.C. § 1292(a). Courts may approve the interlocutory appeal of an order not otherwise appealable when (1) the order involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Transp. Workers Union of Am., Loc. 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005).   The decision to permit an interlocutory appeal under § 1292(b) is within the district court's discretion. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); 16 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3929 (3d ed. 2017) (explaining that § 1292(b) "is not limited by its language to 'exceptional' cases," but rather is characterized by its flexibility).

To qualify for appeal under § 1292(b), an interlocutory order must state that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (requiring the district court to "state in writing in such order" that

---

[1] "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (interpreting the predecessor to § 1291); *see also Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999) (applying *Catlin* in § 1291 case); *cf. Riley v. Kennedy*, 553 U.S. 406, 419 (2008) ("We have long held that an order resolving liability without addressing a plaintiff's requests for relief is not final." (*citing Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–43 (1976)).

the elements are met). If the original order does not identify a question of law suitable for interlocutory appeal, it may be amended to include the requisite language. Fed. R. App. P. 5(a)(3) (calling for the district court to "amend its order, either on its own or in response to a party's motion, to include the required permission or statement"); *Halliburton Co. Benefits Comm. v. Graves*, 191 F. App'x 248, 251 (5th Cir. 2006) (per curiam) (advising parties seeking review of a partial summary judgment order to "move the district court to amend its order to include the 28 U.S.C. § 1292(b) certification language, pursuant to Fed. R. App. P. 5(a)(3)"). Upon the Court's certification of the Order for interlocutory appeal, Moo Organic must petition the Second Circuit for interlocutory review within ten days. 28 U.S.C. § 1292(b).

## II.    THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW

 To be ripe for interlocutory appeal, the controlling question of law "must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *United States ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265, 275 (E.D.N.Y. 2021) (citations omitted).

The sole issue on appeal would only involve statutory construction—*i.e.*, a pure question of law.  *See Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 387 (E.D.N.Y. 2017) ("Resolving this motion [seeking dismissal on the basis that Defendant's website is not a place of public accommodation] requires interpretation of the ADA"); *Nat'l Fed'n of the Blind v. Scribd Inc.*, 97 F. Supp. 3d 565, 567 (D. Vt. 2015) (the question at the heart of Scribd's motion [whether its website is a place of public accommodation] is ultimately one of statutory construction").

There are no factual disputes concerning the nature of Moo Organic's business.  Plaintiff does not allege that Moo Organic is anything other than an e-commerce business, or that Moo Organic owns or operates any physical locations.  Rather, Plaintiff alleges that Moo Organic's website itself is a place of public accommodation.  In deciding the issue, the Court looked to the

text of the statute (which it found ambiguous) and the ADA's legislative history in ultimately deciding that "[Moo Organic's] website falls within the meaning of a 'place of public accommodation' as defined in Title III of the ADA, regardless of its connection *vel non* to a physical space." (Order at 6). In reviewing the Court's Order, the Second Circuit can easily decide this legal issue quickly and cleanly without having to study the record.

Moreover, the legal question at issue here is *controlling*, "meaning that reversal of the district court's order would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome." *Capitol Recs., LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013). If the Second Circuit were to hold that Title III of the ADA does not apply to stand-alone websites like Moo Organic's, this case will be terminated, which renders the issue, by definition, "controlling." *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("The order being appealed from in this case denied the PLO's motion to dismiss the complaints and third-party complaints against it. If we reverse the district court's order and dismiss the actions against the PLO, those actions would be terminated, and thus our resolution of the issues involved in the certified order would be "controlling" in that sense.").

## III.    THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

The prong of the test requiring a substantial ground for difference of opinion "is met when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Recs., LLC*, 972 F. Supp. 2d at 551.

Both instances are present here. As the Court acknowledged "Neither the U.S. Supreme Court nor the Second Circuit has reached this question, and district courts are split on the issue," adding that "reasonable jurists have reached different conclusions about how far Title III extends"

(Order at 4-5) (*quoting Nat'l Fed'n of the Blind v. Scribd Inc.*, 97 F. Supp. 3d 565, 569 (D. Vt. 2015)); *see also Romero v. 88 Acres Foods, Inc.*, 580 F. Supp. 3d 9, 18 (S.D.N.Y. 2022) (Recognizing that "[t]he Circuit Courts of Appeals that have decided whether a website is a place of 'public accommodation' have reached differing results" and that "District judges in the Second Circuit have reached opposite conclusions as to whether Title III applies to websites"); *Martinez v. Cot'n Wash, Inc.*, No. B314476, 2022 WL 3025828, Cal. Ct. App. Aug. 1, 2022) (analyzing how the courts "have reached different conclusions on the issue whether a website is a public accommodation" and recognizing that "[t]he federal courts have expressed two main views."); *Martinez v. San Diego Cnty. Credit Union*, 50 Cal. App. 5th 1048, 1062, 264 Cal. Rptr. 3d 600, 609 (2020) (analyzing cases and explaining that the "the minority view" among the federal circuits is that websites are public accommodations within the meaning of the ADA).

Indeed, legal commentators who closely follow developing ADA issues have already written about this Court's Order, noting that it is part of a "growing split in the Second Circuit over the nexus standard."[2]

Accordingly, an interlocutory appeal under § 1292(b) is warranted because, as this Court (and numerous other courts) have recognized, a substantial ground for difference of opinion exists with respect to whether websites themselves are places of public accommodations within the meaning of the ADA.

## IV.   AN IMMEDIATE APPEAL OF THE ORDER WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION

Finally, an immediate interlocutory appeal under § 1292(b) would materially advance the ultimate termination of this case because it would eliminate the need for further proceedings in

---

[2] *See* Converge Accessibility Legal Update August 2022 (available at https://convergeaccessibility.com/2022/09/06/legal-update-august-2022/?utm_source=rss&utm_medium=rss&utm_campaign=legal-update-august-2022

this Court.  The requirement that a § 1292(b) appeal materially advance the litigation is closely related to the requirement that the underlying order present a controlling question of law. *See Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006) (explaining "a controlling question of law . . . means a question of law the resolution of which could materially advance the ultimate termination of the litigation"); 16 WRIGHT, ET AL., supra, § 3930 (explaining that the two elements are "closely tied").

If the ADA claim were dismissed, so too would Plaintiff's NYCHRL claim.  *See Winegard v. Newsday LLC*, 556 F. Supp. 3d 173, 183 (E.D.N.Y. 2021) ("Having dismissed the federal claims, I decline to exercise supplemental jurisdiction over the state-law claims"); *Lopez v. W. Elm, Inc.*, No. 19 CIV. 10079 (ER), 2020 WL 6546214, at *3 (S.D.N.Y. Nov. 6, 2020); *Range v. 230 W. 41st St. LLC*, No. 17 CIV. 149 (LAP), 2020 WL 3034800, at *7 (S.D.N.Y. June 5, 2020) ("NYSHRL claim rises or falls with the ADA claim"); *Mendez v. Apple Inc.*, No. 18 CIV. 7550 (LAP), 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019). Therefore, a ruling from the Second Circuit on the critical issue of whether *a place of public accommodation includes public-facing websites that are not tethered to a physical location* would have a dispositive impact on the litigation because it would bind the Court to completely end this lawsuit.

## <u>CONCLUSION</u>

For the foregoing reasons, MOO Organic respectfully requests that the Court grant permission to appeal under 28 U.S.C. § 1292(b).

Dated: New York, New York
      September 14, 2022

BLANK ROME LLP

By: _/s/ Martin S. Krezalek_
1271 Avenue of the Americas
New York, New York 10020
Tel. (212) 885-5000
martin.krezalek@blankrome.com
*Attorneys for Defendant MOO Organic Chocolates, LLC*

7