USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
VICTORIANO TAVAREZ, individually and :
on behalf of all others similarly situated,  :  21-CV-9816 (VEC)
   :
                                  Plaintiff,  :  OPINION AND ORDER
                    -against-              :
   :
MOO ORGANIC CHOCOLATES, LLC,       :
   :
                                 Defendant.  :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Plaintiff, who is legally blind, has sued an online retail company that sells chocolate for allegedly failing to remove access barriers on its website in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*[1]  This Court previously held that websites are places of public accommodation as defined in the ADA and *sua sponte* concluded that Plaintiff's First Amended Complaint likely does not allege adequately that Plaintiff has Article III standing.  *See* Opinion, Dkt. 37 ("Public Accommodation Decision").  Before the Court are Plaintiff's motion for leave to amend his First Amended Complaint and Defendant's motion to certify the Public Accommodation Decision for interlocutory appeal.  For the following reasons, Plaintiff's motion is GRANTED, and Defendant's motion is DENIED.

---

[1]    Plaintiff also alleges violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.*

1

## BACKGROUND[2]

Plaintiff Victoriano Tavarez is legally blind and uses screen-reading software when browsing the Internet. Proposed Second Amended Complaint ("PSAC"), Dkt. 45-1, ¶ 1. He is a "life-long fan of chocolate" and purportedly enjoys eating a chocolate bar about once a week. *Id.* ¶ 3. He is also a serial litigator. Specifically, this case is one of approximately 100 lawsuits filed by this Plaintiff over a two-day period in November 2021.[3] Defendant Moo Organic Chocolates, LLC ("Moo Organic") is an online retail company that sells chocolate. *Id.* ¶¶ 2–3, 22.

In his Proposed Second Amended Complaint ("PSAC"), Plaintiff alleges that on June 27, 2021, June 26, 2022, and September 8, 2022, he browsed Defendant's website to purchase organic chocolate snacks, particularly Defendant's "Natural Roasted Almond Dark Chocolate Mini Bars" (the "Almond Mini Bars"). *Id.* ¶¶ 2–3, 24. Plaintiff believes that Defendant's Almond Mini Bars are "of higher quality, of better taste, and are healthier for him than the more 'commercial' chocolate products in the marketplace," and finds their flavor combination particularly appealing. *Id.* ¶¶ 3, 25. As the Defendant notes, *see* Def. Mem. in Opp., Dkt. 46, at 13–14, the characteristics of Moo Organic chocolate that Plaintiff purports to find attractive are exactly the characteristics of the product that are listed on its website under the tab "Why Moo."[4]

---

[2] For purposes of this motion, the Court assumes the truth of the factual allegations in Plaintiff's Proposed Second Amended Complaint ("PSAC"), Dkt. 45-1. *See IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) ("[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss."). The Court takes judicial notice of information on certain websites and the fact of other litigation in this District. *See Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 582 n.5 (S.D.N.Y. 2021) ("A court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination.") (cleaned up); *Traore v. Police Office Andrew Ali Shield*, No. 14-CV-8463 (ER), at *3 (S.D.N.Y. Jan. 26, 2016) ("It is . . . routine for courts to take judicial notice of court documents . . . to establish the fact of such litigation and related filings.").

[3] *See* NYSD ECF, https://nysd-ecf.sso.dcn/cgi-bin/iquery.pl (search for "Victoriano Tavarez") (last visited Nov. 16, 2022).

[4] *See* Moo Chocolates, https://www.moochocolates.com/ (last visited Nov. 16, 2022).

Plaintiff also purportedly finds Defendant's products attractive because they are sustainable and promote fair trade, *id.* ¶ 25, characteristics also noted on Defendant's webpage.

While browsing Defendant's website, Plaintiff encountered accessibility issues such as the screen reader failing fully to read the descriptions of products, the prices of products, and when an item has been added to the website's "cart" function. *Id.* ¶ 4. He was, therefore, purportedly unable to buy Defendant's Almond Mini Bars. *Id.* ¶ 24. Plaintiff "unequivocally intends" to return to Defendant's website "on a regular basis" to determine its accessibility and will transact through the website as soon as its accessibility barriers are cured. *Id.* ¶ 25.

On November 23, 2021, Plaintiff filed this lawsuit alleging violations of the ADA and the NYCHRL. *See generally* Compl., Dkt. 1. After Plaintiff filed an Amended Complaint, *see* Dkt. 28, Defendant moved to dismiss the Amended Complaint in its entirety for failure to state a claim because websites are not public places of accommodation under the ADA, *see* Dkt. 31. The Court denied Defendant's motion but concluded *sua sponte* that Plaintiff likely failed adequately to allege that he has Article III standing. *See* Public Accommodation Decision at 7–8. On September 14, 2022, Defendant moved to certify the Public Accommodation Decision for interlocutory appeal. *See* Def. Not. of Mot., Dkt. 40. On September 16, 2022, Plaintiff moved for leave to file a Second Amended Complaint. *See* Pl. Not. of Mot., Dkt. 43.

## DISCUSSION

### I. Plaintiff May File a Second Amended Complaint

#### A. Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave" to a party to amend its complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave may be denied 'for good reason, including futility, bad faith, undue delay, or undue

prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). An amendment would be futile if the amended complaint "could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015) (quoting *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A claim must be dismissed for lack of subject-matter jurisdiction when a plaintiff lacks standing to bring the action under Article III of the U.S. Constitution. *Cortlandt St. Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 416–17 (2d Cir. 2015). A plaintiff bringing a claim pursuant to the ADA[5] in connection with an inaccessible brick-and-mortar location has standing to sue for injunctive relief, as is sought here, *see* PSAC 15, if "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location," *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). In the virtual world, the third requirement can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website. *See Harty v. W. Point Realty Inc.*, 28 F.4th 435, 443 (2d Cir. 2022); *Walters v. Fischer Skis U.S., LLC*, No. 21-CV-1115 (LEK) (ATB), 2022 WL 3226352, at *3–4 (E.D.N.Y. Aug. 10, 2022).

---

[5] NYCHRL claims are subject to the same standing requirements as the ADA. *See Tucker v. Denny's Corp.*, No. 19-CV-9843 (AT), 2021 WL 4429220, at * 2 (S.D.N.Y. Sept. 27, 2021) (citation omitted).

A plaintiff must plausibly allege "a real and immediate threat of future injury" for his or her complaint to meet the third prong. *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (citation omitted); *see also Harty*, 28 F.4th 435 at 443 (concluding that a plaintiff failed to allege standing to bring an ADA claim because, *inter alia*, he did not allege that he was "using [the defendant's] website to arrange for future travel"). Courts in this Circuit have recognized that the Second Circuit's recent *Calcano* decision "raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases." *Hennessy by & through Hennessy v. Poetica Coffee Inc.*, No. 21-CV-5063 (KAM) (RML), 2022 WL 4095557, at *4 (E.D.N.Y. Sept. 7, 2022) (collecting cases).

If a plaintiff's Article III standing is "in issue" at the pleading stage, a Court may allow "limited discovery on the jurisdictional issue . . . ." *Stepniak v. United Materials*, 305 F. App'x 789, 790 (2d Cir. 2009); *see also Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69, 72 (2d Cir. 2011) (summary order) (stating that if a district court "continues to doubt" whether a plaintiff's "professed intent to return" to a place of public accommodation under the ADA "was genuine, this doubt should be resolved by the court before proceeding further"); *Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006) ("[A] district court must generally resolve material factual disputes and establish that it has federal constitutional jurisdiction, including a determination that the plaintiff has Article III standing, before deciding a case on the merits.").

### B. Application

Granting Plaintiff leave to amend would not necessarily be futile because the facts contained in the PSAC, if accurate, establish standing. That said, the Court finds Plaintiff's allegations, while not quite the "mad-lib" allegations that were present in *Calcano*, not to be

5

particularly plausible. Accordingly, the Court will grant Plaintiff's motion to amend the Complaint but will also stay all discovery other than jurisdictional discovery directed to whether Plaintiff has Article III standing.

As to the first requirement for ADA standing, Plaintiff alleges that he visited Defendant's website on three past occasions and "attempted to transact business" but was unable to do so because of at least three accessibility barriers on Defendant's website. *See* PSAC ¶¶ 2–5 (alleging that Plaintiff visited the website on June 27, 2021, June 26, 2022, and September 8, 2022, but encountered certain difficulties with the website's screen reader). Plaintiff asserts that he was and remains interested in purchasing Almond Mini Bars, although he does not allege that purchasing that product was specifically his goal at the time of any of those three visits. Nevertheless, if accurate, these allegations are specific enough to establish past injury. *See, e.g.*, *Sanchez v. NutCo, Inc.*, No. 20-CV-10107 (JPO), 2022 WL 846896, at *2 (S.D.N.Y. Mar. 22, 2022) (concluding that a plaintiff established a past injury because, *inter alia*, he alleged that he "could not ascertain the price or other details of products on the [w]ebsite because the [w]ebsite was not compatible with his screen-reading software, and the [w]ebsite provided no indication when an item was successfully added to his online cart") (collecting cases); *Angeles v. Grace Prods., Inc.*, No. 20-CV-10167 (AJN), 2021 WL 4340427, at *2 (S.D.N.Y. Sep. 23, 2021) (concluding that a plaintiff established standing because, *inter alia*, she alleged that "(1) her screen-reading software was unable to discern which products were on the screen and distinguish between different screens on the website due to the failure of the website to adequately describe its content and (2) she encountered problems with broken links that prevented her from using the screen reader to return to her search"). The Court has significant concerns, however, with the accuracy of the allegations. Plaintiff does not, for example, allege how he came to know about

Moo Organic or whether he has ever tasted their product. While he asserts that he eats a chocolate bar approximately once per week, there are no allegations that shed light on why, all of a sudden, in June 2021 (and then twice more in the ensuing 17 months), he developed a particular hankering for this particular brand of chocolate.[6]

As to the second requirement, it is reasonable to infer that this discriminatory treatment will continue because Plaintiff has visited Defendant's website on three occasions, and its accessibility barriers have not been addressed as of September 8, 2022. *See* PSAC ¶¶ 2, 5; *Walters*, 2022 WL 3226352, at *3–4 (concluding that it was reasonable to infer that the defendant's discrimination would continue because the plaintiff alleged ongoing accessibility barriers); *Camacho v. Vanderbilt Univ.*, No. 18-CV-10694 (KPF), 2019 WL 6528974, at *10 (S.D.N.Y. Dec. 4, 2019) (concluding that it was reasonable to infer that the defendant's discrimination would continue because the plaintiff "allege[d] that he visited the [w]ebsite on multiple occasions and ha[d] not been able to access its content," supporting the inference that the website had "not been altered to fix the barriers [the] [p]laintiff encountered").

---

[6] The Court does not intend to suggest that level of specificity is necessarily required to allege standing adequately in every ADA case. But the Court also is not required to ignore reality. *See Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 77 (2d Cir. 2022) (noting that the Court "cannot ignore the broader context" of plaintiffs' "transparent cut-and-paste and fill-in-the-blank pleadings"). This Plaintiff filed approximately 100 ADA website cases in a two-day period, purporting to be harmed by websites he visited in the summer of 2021 selling services and products ranging from supplements and protein powders (*Taverez v. Grass Advantage*, 21-CV-9769 (S.D.N.Y. filed Nov. 23, 2021)) to organic cannabidiol (*Taverez v. Halcyon Publ'g*, 21-CV-9776 (S.D.N.Y. filed Nov. 23, 2021)) to hair products rooted in Latinx culture (*Taverez v. Future of Latinx Beauty*, 21-CV-9787 (S.D.N.Y. filed Nov. 23, 2021)) to boat, charter boat and yacht rentals (*Tavarez v. Collaborative Boating, Inc.*, 21-CV-9788 (S.D.N.Y. filed Nov. 23, 2021)), among scores of others. While Mr. Tavarez may genuinely have wished to buy products or services from all those websites in a three-month time span, this Judge is skeptical.

As to this case in particular, the Court notes that its Google search using the terms "chocolate" and "almond" and "sea salt" and "natural" returns literally hundreds of websites. *See* Google, https://www.google.com/ (search "chocolate" AND "almond" AND "sea salt" AND "natural") (last visited Nov. 16, 2022). Moo Organic does not appear in the first three pages of search returns. Under all of these circumstances, Plaintiff's allegations leave the Court questioning whether he, in fact, ever had or now has a particularized desire to purchase Moo Organic's chocolate or just a particularized desire to sue Moo Organic.

The parties primarily dispute the third requirement, whether Plaintiff adequately alleged his intent to return to Defendant's website once it is rendered accessible. *See* Pl. Mem., Dkt. 44, at 10–17; Def. Mem. in Opp., Dkt. 46, at 9–14. The PSAC adds detail to Plaintiff's allegations in this regard. It specifies three dates on which Plaintiff accessed Defendant's website, the specific product Plaintiff allegedly seeks to buy, his habit of consuming chocolate, and characteristics of Defendant's Almond Mini Bars that he finds attractive. *See* PSAC ¶¶ 2–3, 25 (discussing Plaintiff's intent to buy the Almond Mini Bars and their attractive flavor combination, health value, and environmental impact).[7]

The PSAC is more detailed than the complaints the Second Circuit dismissed for lack of standing in *Calcano*,[8] which "fail[ed] to provide *any* details about [plaintiffs'] past visits" to defendants' public accommodations, the frequency of such visits, which items they purchased, or why they wanted to purchase certain items from the defendants. 36 F.4th at 76–77; *see also*

---

[7]   Defendant asserts that the PSAC is "implausible" because it is far more specific than Plaintiff's original complaint. *See* Def. Mem. in Opp., Dkt. 46, 14–19. It is well-established that "an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Ping Tou Bian v. Taylor*, 23 F. App'x 75, 77 (2d Cir. 2001) (internal quotation marks and citations omitted). Although a court may deny leave to amend a complaint when a plaintiff "seeks to omit certain allegations or raise allegations that directly contradict those in the prior version of the complaint," *Robles v. Medisys Health Network, Inc.*, No. 19-CV-6651 (ARR) (RML), 2020 WL 3403191, at *4 (E.D.N.Y. June 19, 2020) (collecting cases), such circumstances are not present here. Plaintiff's PSAC elaborates on allegations in his Complaint and First Amended Complaint, but it does not contradict them. *See, e.g., id.* at *5 (concluding that a plaintiff's amended complaint did not "directly contradict the original [c]omplaint" as it merely "clarifie[d] the initial characterization of [the plaintiff's] disability"); *Bernadotte v. N.Y. Hosp. Med. Ctr.*, No. 13-CV-965 (MKB), 2014 WL 808013, at *6 (E.D.N.Y. Feb. 28, 2014) (concluding that although a plaintiff's allegations in several complaints were "not congruous," they were not "in such direct contradiction that the Court [was] moved to abandon the usual deference afforded to an [a]mended [c]omplaint"). The Court agrees with Defendant, however, that the timing of Plaintiff's purported visits to its website and the evolving nature of his allegations raise doubts as to his Article III standing and weigh in favor of targeted discovery, as discussed further, *infra*.

[8]   Plaintiff argues that the standing analysis in *Calcano* does not apply here because that case did not "involve a website," Pl. Mem., Dkt. 44, 2, 13–16, but the Second Circuit applied the same scrutiny to the plaintiff's alleged future intent to transact through the defendant's website in *Harty v. W. Point Realty, Inc.*, which *did* involve a website, *see* 28 F.4th 435, 443–44 (2d Cir. 2022) (concluding that the plaintiff lacked standing because, *inter alia*, he "d[id] not allege anywhere in his complaint that he was using the website to arrange for future travel"). The fact that the website's barriers in *Harty* were allegedly preventing the plaintiff from "booking a physical hotel room," Pl. Mem. 13 n.3, does not diminish its applicability here, as both cases hinge on a plaintiff's intent to buy something from a website.

*Harty*, 28 F.4th at 443 (dismissing a plaintiff's ADA claim for lack of standing because the plaintiff "d[id] not allege anywhere in his complaint that he was using [the defendant's] website to arrange for future travel" and merely alleged that "in the near future" he intended to "utilize the website to reserve a guest room").

If the facts alleged in the PSAC are accurate, Plaintiff has alleged sufficient facts to establish standing at this stage. *See Walters*, 2022 WL 3226352, at *3–4 (concluding, after discussing *Calcano*, that the plaintiff evinced a sufficient intention to return to [the defendant's ski equipment website] for standing purposes because of his history as a skier, his interest in the sport, and his alleged need to update his ski gear).

In sum, Plaintiff may file the PSAC but because the Court is skeptical of the accuracy of the critical factual allegations and, if those facts are not accurate, the Court lacks subject-matter jurisdiction because the Plaintiff lacks standing, the Court will permit Defendant to take jurisdictional discovery. *See Laufer v. Laxmi & Sons*, No. 19-CV-1501 (BKS/ML), 2021 WL 1970264, at *5–6 (N.D.N.Y. Apr. 1, 2021) (concluding that an evidentiary hearing to assess standing was appropriate because there were "significant reasons to question" whether the plaintiff actually intended to travel near each particular defendant's public accommodation given, *inter alia*, the "sheer number of nearly identical cases" the plaintiff filed against "hundreds of [d]efendants," the "cut-and-paste nature of [the] [p]laintiff's allegations in each of these cases," and the fact that certain allegations regarding the plaintiff's travel plans "were only added after standing questions were raised by the Court and opposing parties").

## II. Defendant's Motion to Certify the Public Accommodation Decision for Interlocutory Review is Denied

### A. Legal Standard

Under 28 U.S.C. § 1292(b), a district court may certify for appellate review any interlocutory order that (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." This presents a narrow exception to the "basic tenet of federal law" that appellate review should follow final judgment. *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citation omitted). The Second Circuit has held that interlocutory appeals "must be strictly limited to the precise conditions stated in the law." *Klinghoffer v. S.N.C. Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (quotation omitted).

### B. Application

The Court declines to certify the Public Accommodation Decision for appellate review because none of the factors that weigh in favor of certification is present here. An appellate decision in Defendant's favor — that a website untethered to a physical location does not constitute a place of public accommodation under the ADA — would not be sufficiently controlling to advance this litigation materially because it would not necessarily dispose of Plaintiff's NYCHRL claim,[9] which is based on the same facts. *See Century Pac., Inc. v. Hilton Hotels Corp.*, 574 Supp. 2d 369, 372 (S.D.N.Y. 2008) (declining to certify an order even though its reversal could "very well simplify [the] action or alter its course" because the action would

---

[9] The scope of a "place of public accommodation" under the NYCHRL is distinct from the term's scope under the ADA. *See Sullivan v. BDG Media, Inc.*, 71 Misc. 3d 863, 869–71& n.6 (Sup. Ct. N.Y. Cnty. 2021) (concluding as a matter of first impression that the NYSHRL and by extension the NYCHRL treat "place of public accommodation" as an "extremely broad category" that does not exclude stand-alone websites and disregarding federal decisions interpreting the ADA).

10

not be terminated); *Jacques v. DiMarzio, Inc.*, 216 F. Supp. 2d 139, 145 (E.D.N.Y. 2002) (concluding that reversal of its holding on a challenged ADA issue would not "materially advance the ultimate termination of the litigation" because "in the circumstances of th[e] case, the Court would, in the exercise of its discretion, retain jurisdiction over plaintiff's state claim") (internal quotation marks and citations omitted).

Moreover, there is no "substantial ground for difference of opinion" as to whether a website qualifies as a place of public accommodation under the ADA. Disagreement among courts in other circuits "does not establish a substantial ground for difference of opinion." *Segedie v. The Hain Celestial Grp., Inc.*, No. 14-CV-5029 (NSR), 2015 WL 5916002, at *4 (S.D.N.Y. Oct. 7, 2015) (concluding that there was no substantial ground for difference of opinion even though the Court "declined to follow the only Circuit Court to have addressed" the issue) (internal quotation marks and citations omitted). Nor does "the mere presence of a disputed issue that is a question of first impression . . . ." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). Rather, the Court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *Id.* The vast majority of other judges in this District who have confronted the issue have decided that Title III of the ADA applies to stand-alone websites. *See* Public Accommodation Decision 3 & n.2 (collecting cases). And Defendant has not advanced any arguments in opposition to the Court's challenged ruling that it has not already considered. *See Ralph Oldsmobile Inc. v. General Motors Corp.*, No. 99-CV-4567 (AGS), 2001 WL 55729, at *4 (S.D.N.Y. Jan. 23, 2001) (declining to certify an issue for appeal where the defendant did not offer any cases that the Court had not already "deemed distinguishable and unpersuasive").

For those reasons, the Court declines to certify the Public Accommodation Decision for interlocutory appeal.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend is GRANTED, and Defendant's motion for interlocutory appeal is DENIED. Plaintiff must file the PSAC not later than November 28, 2023. The Clerk of Court is respectfully directed to terminate the open motions at Dockets 40 and 43. All discovery other than jurisdictional discovery remains stayed. All jurisdictional discovery must be complete by **Monday, January 16, 2023**. The parties must appear for a status conference on **Friday, January 20, 2023, at 10:00 A.M.** in Courtroom **443** of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, 10007.

**SO ORDERED.**

Date: **November 21, 2022**
      New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**